**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PABLO J. GUZMAN,

    Petitioner,

v.

JOHN POWELL, et al.,

    Respondents.

Civil Action No. 21-30 (MAS)

OPINION

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's Response (ECF No. 5) to this Court's order directing him to show cause why his habeas petition should not be dismissed as time barred. (ECF No. 4.) For the following reasons, this Court will dismiss the Petition (ECF No. 3) as time barred, and will deny Petitioner a certificate of appealability.

**I.    BACKGROUND**

Petitioner was convicted of various assault related crimes in September 2010. (ECF No. 3 at 3.) He appealed, and the Appellate Division affirmed his conviction in May 2013. (ECF No. 4.) The New Jersey Supreme Court denied Petitioner's certification petition on December 3, 2013. (ECF No. 3 at 4.) Petitioner did not file a petition for certiorari.

On June 2, 2014, Petitioner sent a letter to the criminal division manager for the county from which his conviction arose asking about the status of a post-conviction relief petition he claims to have filed in March 2014. (ECF No. 5 at 7.) The manager replied with a letter in which she informed him that no petition had been received, and he thus had no pending post-conviction

relief petition at that time. (*Id.* at 8.) To the extent he wished to pursue post-conviction relief, he was instructed to file a new petition. (*Id.*) Petitioner thereafter filed his post-conviction relief petition by mailing it on February 13, 2015. (*Id.* at 9.) That petition was received and filed on March 19, 2015. (*Id.*) Petitioner's post-conviction relief petition thereafter remained pending until the New Jersey Supreme Court denied certification on April 7, 2020. (ECF No. 3 at 9.) Petitioner was sent a copy of this denial on November 24, 2020. (ECF No. 5 at 4.)

## II.   **LEGAL STANDARD**

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state courts. *See Eley v. Erickson*, 712 F.3d 837, 846-47 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 575 U.S. 312, 316 (2015).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### III.   DISCUSSION

As this Court explained in its order to show cause,

> Petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which in cases such as this one begins to run when the petitioner's conviction becomes final upon either the conclusion of direct review or the expiration of the time for seeking such review, up to and including the 90-day period for the filing of a certiorari petition to the United States Supreme Court. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013); *see also* 28 U.S.C. § 2244(d)(1)(A). As Petitioner did not file a petition for certiorari on direct appeal, his conviction became final and his one year limitations period began to run ninety days after he was denied certification by the New Jersey Supreme Court on December 3, 2013, (ECF No. 3 at 4), or on March 3, 2014. *Ross*, 712 F.3d at 798. Absent some basis for the tolling of the limitations period, Petitioner's one year limitations period would have expired on March 3, 2015.
>
> While the one-year limitations period is subject to statutory tolling, that tolling only applies during the period where a "properly filed" petition for post-conviction relief is pending in the state courts. *Jenkins*, 705 F.3d at 85.

(ECF No. 4 at 1-2.)

According to Petitioner, he first attempted to submit a post-conviction relief petition in February 2014. That petition, however, never became "properly filed" nor did it become

3

"pending" before the state courts – it was never received, and Petitioner was directly informed of that fact in June 2014. He did not thereafter attempt to "properly file" a habeas petition until February 13, 2015. Thus, even if Petitioner was entitled to the application of the prisoner mailbox rule,[1] he was not entitled to statutory tolling until that date. Thus, giving Petitioner even the benefit of the date on which he mailed his PCR petition, at the time statutory tolling attached at most only 18 days of his one year limitations period remained. That tolling ceased to apply once the New Jersey Supreme Court denied certification on April 7, 2020. Absent some basis for equitable tolling, Petitioner's one year limitations period thus began running on that date and expired eighteen days later on April 25, 2020, eight months before Petitioner filed his initial habeas petition on or about December 21, 2020, the date on which he signed his initial habeas petition.

Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)).

In his response to the Court's order to show cause, Petitioner presents two arguments for equitable tolling. First, he argues that he should be provided with equitable tolling because his state court public defenders did not tell him about the denial of his PCR certification petition until

---

[1] As many courts in this district have observed, the New Jersey Courts have not yet determined that the prisoner mailbox rule applies to state court PCR petitions. *See, e.g., Poteat v. Att'y Gen. of N.J.*, No. 16-2351, 2017 WL 436259, at *3 (D.N.J. Feb. 1, 2017). It is thus not clear that Petitioner is entitled to the benefit of the rule as to the date his PCR petition was considered properly filed by the state courts. Because he is time barred regardless, this Court need not determine whether the rule applies, and thus assumes its applicability for the purposes of this opinion.

November 2021. As Petitioner himself acknowledges, however, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). The inadvertent delay in informing Petitioner of the denial of his certification petition on the part of his PCR attorneys thus does not provide an adequate basis for equitable tolling. Even were such a failing to be considered an extraordinary circumstance, Petitioner has presented nothing to suggest that he was diligent in determining the status of his PCR certification petition. He does not state that he asked counsel for an update, called the state courts, or otherwise sought to stay abreast of the status of his PCR appeal. Absent such actions, Petitioner has likewise failed to show adequate diligence, and he fails to qualify for equitable tolling for that reason as well.

In his second argument, Petitioner contends that he was delayed in filing a habeas petition by COVID-related lockdowns during December and January 2021. Even if this Court were to accept that the COVID-related library lockdowns did amount to an extraordinary circumstance, and that Petitioner was diligent between November 24 and December 21, 2020 – the date he filed his initial habeas petition, that would only warrant equitable tolling for approximately one month. Petitioner's habeas petition would still remain time barred by seven months. This second argument is thus of no avail – Petitioner's habeas petition remains well and truly time barred. Because it is clear that Petitioner's habeas petition is untimely, his pending petition (ECF No. 3) is dismissed with prejudice as time barred.

## IV.    CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "[A petitioner] satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists could not dispute this Court's conclusion that Petitioner's Petition was untimely filed and that Petitioner has failed to show any basis for sufficient tolling to evade the time bar, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and he is therefore denied a certificate of appealability.

## V.     CONCLUSION

Petitioner's Petition (ECF No. 3) is **DISMISSED WITH PREJUDICE** as time barred, and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE